UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CSX TRANSPORTATION, INC.,

       Plaintiff,                                      Lead Case No. 5:06-cv-138

v.                                                   Hon. Robert J. Jonker

MESEROLE STREET RECYCLING, INC.,
et al,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RECONSIDERATION**

On December 16, 2008, following a hearing on a motion by Meserole Street Recycling, Inc. ("Meserole") to compel production of documents (docket no. 195), the court ordered, in part, an *in camera* inspection of certain documents held by CSX Transportation, Inc. ("CSX"), which CSX asserted were protected by the attorney-client privilege and/or the work product rule. Rather than produce these documents for the *in camera* inspection, CSX has now filed a motion for reconsideration (docket no. 234) based upon a privilege log dated October 24, 2008, which has hitherto been undisclosed to the court.

During the hearing, CSX represented that it had prepared and served a privilege log and two subsequent amended versions of that log during discovery. The initial privilege log was served on August 29, 2008, and was amended on October 23, 2008, and November 7, 2008. Each of these privilege logs identified documents which CSX had withheld based on the attorney-client

1

privilege. At least part of the purpose of the amended privilege logs was to protect or redact less material.

On October 17, 2008, Lawrence B. Goldberg, attorney for Meserole, sent an email to opposing counsels Charles Howard for CSX, and Peter McLeod for Marquette, requesting they produce all documents on their respective privilege lists, "excluding only documents with CSX Corporate Counsel or with Chuck's firm or Peter's firm". *Id.*

Discovery ended October 30, 2008. The court observed at the hearing that while the parties were customarily not precluded from filing motions after a discovery deadline to compel discovery, they could only do so in regard to discovery they had sought prior to the close of discovery, October 30, 2008. The court further held that in this particular case counsel for Meserole had not sought prior to the close of discovery documents protected by the attorney-client privilege, as evidenced by Attorney Goldberg's email of October 17, 2008, as well as the fact that prior to the date discovery closed, Meserole made no attempt to challenge any of the privilege logs furnished by opposing counsel. In summary, at the time discovery closed on October 30, 2008, opposing counsel could rest assured that there was no outstanding request by Meserole for any documents which they claimed were protected by the attorney-client privilege or the work product rule.

This ruling was consistent with the purpose of a privilege log, which is to separate out documents not subject to discovery. The furnishing of a privilege log may satisfy an opposing attorney that he has received all documents to which he is entitled, or he may choose to seek further discovery by challenging the privilege log. If he does decide to try to obtain additional documents by challenging the privilege log, he should do so in a timely manner, that is prior to the close of discovery, provided he has the opportunity to do so. Again, the court noted in this instance that

counsel for Meserole had specifically stated he was not seeking attorney-client protected documents and that, consistent with his email, when he was provided a list of attorney-protected documents, he made no challenge to them.

On the other hand, where CSX provided a privilege log dated November 7, 2008, following the close of discovery, which identified additional documents CSX asserted were protected by attorney-client privilege and/or the work product rule, the court held that Meserole's efforts to seek those documents was not untimely because Meserole's attorney had not had an opportunity to review that privilege log prior to the close of discovery. Accordingly, the court ordered those documents to be produced for an *in camera* inspection to determine if, in fact, they are protected by the attorney-client privilege or the work product rule.

In its motion for reconsideration, CSX now points out that there was an additional log, dated October 24, 2008, which neither Meserole nor CSX brought to the court's attention when this motion was heard last month. It appears this privilege log was furnished to Meserole prior to close of discovery and perhaps as early as October 25, 2008.[1] CSX asserts that the additional documents identified on the November 7, 2008 log, which the court had ordered be produced for the *in camera* inspection, were also listed on the October 24, 2008 privilege log. Therefore, CSX reasons, it should not be required to produce these documents based on the same rationale that protected the attorney-client/work product documents listed on the October 23, 2008 privilege log, as discussed above.

---

[1] Neither party provides an adequate explanation as to why this privilege log was not produced at the hearing.

The court has reviewed the October 24, 2008 log and finds that it does contain some of the additional documents that the court had been told at the hearing had only been identified on the November 7, 2008 privilege log. Since it turns out these documents had in fact been identified to Meserole in a timely fashion prior to the close of discovery and were not challenged prior to the close of discovery, the court finds they should be afforded the same protection as the other documents listed in the October 23, 2008 privilege log. This constitutes a palpable defect by which the court and the parties have been misled, which requires an altered disposition of the motion. *See,* W.D. Mich. LCivR 7.4(a). Accordingly, CSX need not produce for an *in camera* inspection the following documents:

    CSXM05921
    CSXM05940-CSXM05942
    CSXM05949 (sender Paul Hitchcock)
    CSXM05949 (sender Michael Bethge)
    CSXM05950
    CSXM05951 (sender Paul Hitchcock)
    CSXM05951-CSXM05953 (sender Cathy Wilson)
    CSXM05996- CSXM05999

This finding, however, does not apply to all of the additional documents on the November 7, 2008 privilege log. The following documents appear differently on the November 7, 2008 privilege log than they do on the October 24, 2008 privilege log. To the extent these documents have not been produced in their entirety to opposing counsel, they shall be produced to the court for an *in camera* inspection:

    CSXM05954
    CSXM07006-CSXM07007
    CSXM07010-CSXM07011
    CSXM07023-CSXM07027

It appears from the brief in support of CSX's motion for reconsideration that the last three items above (beginning CSXM07006) are a redacted version of the "Twenty eight pages of handwritten notes" originally asserted to be privileged work product belonging to Kathy Wilson, an attorney for CSX, on the October 24, 2008 privilege log.  However, CSX asserts that in the November 7, 2008 privilege log, redacted portions of these documents remain protected by the attorney-client privilege and the work product rule, but it has deleted the reference to Kathy Wilson or any other attorney.  This is sufficiently different (and confusing) that the court will review any portion of these documents not already furnished to opposing counsel.

Finally, at the hearing CSX expressed some confusion over document CSXM04451.  It could not account for the document having been deleted from all but the first privilege log, but nevertheless sought to protect it.  It appears from CSX's brief in support of its motion for reconsideration that CSX previously produced an unredacted copy of this document to Meserole and no longer seeks to protect it.  Thus, the motion to compel is rendered moot as to this document.

The motion for reconsideration (docket no. 234) is GRANTED in part and DENIED in part.  A copy of the documents listed below shall be produced to the undersigned in chambers for an *in camera* review within seven (7) calendar days of the date of this order:

    CSXM05954
    CSXM07006-CSXM07007
    CSXM07010-CSXM07011
    CSXM07023-CSXM07027.

IT IS SO ORDERED.


Dated:  January 14, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge